Filed 3/4/16  P. v. Smith CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067231 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD258855) |
| ASBURY JOHN SMITH III, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill and Michael T. Smyth, Judges.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff/Defendant and Respondent.

Pursuant to a plea agreement, Asbury John Smith entered a guilty plea to one count of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)), and admitted: (1) a section 12022.7, subdivision (e) enhancement for personally inflicting great bodily

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

injury under circumstances involving domestic violence, (2) a prior serious felony (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)), and (3) a prior strike (§§ 667, subds. (b)-(i), 668, 1170.12). The trial court sentenced Smith to nine years in prison, and ordered him to pay fines, fees, and victim restitution.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 368 U.S. 738 (*Anders*) raising a possible, but not arguable issue. We offered Smith the opportunity to file his own brief on appeal, but he has not responded.

FACTUAL AND PROCEDURAL BACKGROUND

Since Smith was convicted pursuant to a guilty plea we take the facts from the probation officer's report. On September 28, 2014, Smith began arguing with his former wife, Jane Higgison, at their transient camp underneath a freeway. He stabbed her with a knife, lacerating the right side of her abdomen as well as her right wrist and arm. Higgison fell to the ground on her back, saw blood, and realized she had been stabbed; she tried to walk a short distance, but collapsed. As Smith walked away from the camp area, he passed by Higgison's boyfriend, Thomas Gomez, and told Gomez to "check on Jane." Gomez found Higgison lying in the dirt, bleeding. Higgison told Gomez that Smith had stabbed her, and she later told police that Smith had stabbed her with a hunting knife that he carried with him. Officers located Smith with the knife in his backpack and blood stains on his pants.

On October 1, 2014, a felony complaint was filed against Smith. The operative amended complaint was filed on October 10, 2014, charging one count of assault with a

deadly weapon and a second count of corporal injury to Higgison in violation of section 273.5, subdivision (a), with special allegations on each count. As stated above, Smith entered into a written plea agreement; in exchange for his plea, Smith would receive a stipulated sentence of nine years, be referred to substance abuse treatment in prison, and have the balance of the amended complaint dismissed. On October 10, Smith was arraigned on the amended complaint, entered a guilty plea, and affirmed in court that he had consulted with his counsel and fully understood the implications of his plea. Smith coherently answered a series of questions by the trial judge related to his understanding of the ramifications of pleading guilty. Accordingly, the court dismissed the balance of the amended complaint and set a date for sentencing.

The sentencing hearing was held on December 2, 2014. Smith's counsel stated that there was no legal cause why sentence should not be pronounced. Smith disagreed, arguing that he believed there were grounds for a motion to withdraw his plea because he was "coerced into it." Smith's counsel reiterated that there were no viable grounds to support a motion to withdraw. The trial court sentenced Smith.

On December 3, 2014, Smith filed a notice of appeal, challenging the validity of his plea. He attached a request for certificate of probable cause, declaring that he had not been in his "right mind" when he signed the plea agreement; although he had been "10 days clean" of drugs, he had not been "sober or clear-minded" at the time of signing, and he had not known what the judge was asking him when he pleaded guilty. On December 22, 2014, the court denied Smith's request for a certificate of probable cause. On January

3

7, 2015, he filed an amended notice of appeal from the sentence or other matters occurring after the plea.

## DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating he is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, the brief identifies one possible, but not arguable issue: "Did the trial court err in denying the defendant's request to withdraw his plea? (Pen. Code[, §] 1018)."

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 368 U.S. 738, including the issue suggested by counsel, and have not found any reasonably arguable appellate issue. Competent counsel has represented Smith on appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.

4